MARKMAN, J. I join the statement of Justice CORRIGAN.

ATTORNEY GENERAL V MICHIGAN PUBLIC SERVICE COMMISSION, No. 136431. Leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we affirm the April 1, 2008, Court of Appeals judgment that "transmission costs" may be recovered through a power supply cost recovery (PSCR) clause on different grounds. The Court of Appeals followed the binding decision of *In re Detroit Edison Application*, 276 Mich App 216, 229 (2007), which held that "[p]ayments made by Edison for transmission costs . . . are necessarily 'transportation costs,' and therefore are properly recoverable in a PSCR clause." See MCR 7.215(J)(1). Electric utilities can recover two types of power supply costs through a PSCR clause: (1) "booked costs, including transportation costs, reclamation costs, and disposal and reprocessing costs, of fuel burned by the utility for electric generation;" or (2) "booked costs of purchased and net interchanged power transactions." MCL 460.6j(1)(a). The Court of Appeals interpretation does not give any meaning to the limitation that the "transportation costs" must be those "of *fuel* burned by the utility for electric generation." (Emphasis added.) However, the second clause, "booked costs of purchased and net interchanged power transactions," is a technical phrase that has acquired a "peculiar and appropriate" meaning in the regulation of electric utilities to include "transmission costs" charged by third parties. MCL 8.3a; see *In re Wisconsin Electric Power Co*, unpublished opinion and order of the Public Service Commission, issued September 16, 2002 (Case No. U-12725), at 16. Accordingly, it "shall be construed and understood according to such peculiar and appropriate meaning," MCL 8.3a, and the PSC did not err in permitting Consumers Energy Company to recover

transmission costs through its PSCR clause. The Court of Appeals affirmance of the PSC decision is thus affirmed on this alternate ground. Court of Appeals No. 261747.